IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SYLVESTER WORTHAM**                                                                **PLAINTIFF**

v.                                    CASE NO. 3:08-CV-00108BSM

**CITY OF JONESBORO**                                                                **DEFENDANT**

**ORDER**

Presently before the court is defendant City of Jonesboro's motion for summary judgment. Plaintiff Sylvester Wortham's response was due on November 25, 2008. To date, plaintiff has failed to file a response. Thus, all material facts set forth in the statement filed by the City of Jonesboro are deemed admitted. *See* Local Rule 56.1(c).

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

In his complaint, plaintiff Sylvester Wortham alleges that his rights were violated and he sustained damages when Jonesboro condemned and demolished property located

at 510 North Belt Street in Jonesboro, Arkansas. Attached to the complaint is a contract of sale of the subject property between Walter K. Johnson and Wortham dated December 3, 2004. The contract provides for the payment of "$75,500.00 payable at the rate of $502.30 per month, including interest at the rate of 7% per annum, beginning with $502.30 due on or before the 1st day of February, 2005, and a like amount of $502.30 due on or before the 1st day of each and every month thereafter until the 12th payment date at which time the entire unpaid principal plus any accrued interest shall be payable in full; together with interest at the rate of 7% per annum." The property was demolished on September 13, 2007.

In their motion, defendant City of Jonesboro asserts that summary judgment is appropriate because Wortham does not have standing, as he does not own the property in question. Rather, a title search revealed that Walter K. Johnson is the record owner of the property, and Johnson did not bring the contract of sale to the attention of the City of Jonesboro. Exhibit 1, Shaver Aff., defendant's motion. The City of Jonesboro states that Johnson received the notice required prior to demolition, and he paid for the cost of demolition. *Id*. As the facts set forth by the City of Jonesboro are deemed admitted, defendant's motion is granted.

Accordingly, defendant's City of Jonesboro's motion for summary judgment (Doc. No. 24) is granted. Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED THIS 3rd day of December, 2008.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE